NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ZEKE FLOYD SMITH, *Appellant*.

No. 1 CA-CR 13-0462
FILED 4-29-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-009268-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Kenton D. Jones joined.

**S W A N N**, Judge:

¶1          Defendant Zeke Floyd Smith appeals his conviction and sentence for aggravated assault. This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Defendant's appellate counsel has searched the record on appeal and found no arguable, nonfrivolous question of law, and asks us to review the record for fundamental error. *See Anders*, 386 U.S. 738; *Smith v. Robbins*, 528 U.S. 259 (2000); *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999). Defendant was given the opportunity to file a supplemental brief *in propria persona* but did not do so.

¶2          We affirm Defendant's conviction and sentence, but vacate the portion of the judgment requiring Defendant to pay the cost of DNA testing.

**FACTS AND PROCEDURAL HISTORY**

¶3          Defendant was indicted for aggravated assault. He pled not guilty and was tried by jury. His first trial ended in a mistrial because the jurors were unable to reach a verdict. A second trial followed.

¶4          At the second trial, the state presented evidence of the following facts. On June 4, 2012, Officer Geoffrey Francetic of the Phoenix Police Department was on patrol in his patrol vehicle when he saw Defendant sitting on a sidewalk drinking a beverage from a glass container. Suspecting that the beverage was alcoholic, Francetic exited his vehicle and, announcing his name and police affiliation, approached Defendant on foot. Defendant responded by pouring his beverage onto the ground and asking, "What the fuck you want from me, motherfucker?" Observing that the beverage container was labeled as beer, and that the beverage foamed and smelled like beer, Francetic told Defendant that he was investigating whether Defendant was consuming alcohol in public. Continuing to curse at the officer, Defendant complied with directions to provide an identification card and sit on a nearby bench

while Francetic used his radio to check Defendant's records. As Francetic completed the records check, Defendant rose from the bench, clenched his hands by his face, and stated, "I'm going to kick your ass, motherfucker." Coming toward Francetic, Defendant then swung his right arm at Francetic's head. Francetic stepped back to avoid the blow and pushed Defendant onto the bench. He then restrained Defendant and, with the help of another officer who arrived on the scene, took him into custody.

¶5        At the conclusion of the state's case-in-chief, Defendant moved for a judgment of acquittal. The court denied the motion and Defendant rested. While considering the evidence, the jury informed the court that one juror remained undecided and wanted additional instruction regarding what aspect of Defendant's conduct the jury was supposed to consider in evaluating whether Francetic experienced "reasonable apprehension of imminent physical injury" for purposes of assault. The court responded to this question by asking whether additional argument by counsel would be helpful, and the jury answered in the affirmative. Counsel then presented brief supplemental closing arguments, and the jury thereafter found Defendant guilty.

¶6        The court entered judgment on the jury's verdict and sentenced Defendant to a presumptive term of 1.5 years in prison, with credit for 368 days of presentence incarceration, to run concurrent with a sentence for a separate offense to which Defendant had pled guilty. Defendant timely appeals.

**DISCUSSION**

¶7        The record reveals no fundamental error. Defendant was present and represented at all critical stages. The record shows no evidence of jury misconduct and the jury was properly comprised of eight jurors. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). When the jury indicated that all but one of its members had reached a decision, the court properly offered assistance in the form of additional closing argument regarding the question posed by the undecided juror. *See* Ariz. R. Crim. P. 22.4; *State v. Huerstel*, 206 Ariz. 93, 99, ¶ 17, 75 P.3d 698, 704 (2003).

¶8        The evidence that the state presented at trial was properly admissible and was sufficient to support Defendant's convictions. Defendant was charged with aggravated assault under A.R.S. §§ 13-1203(A)(2) and -1204(A)(8)(a), which required the state to prove that Defendant intentionally placed Francetic in reasonable apprehension of imminent physical injury knowing or having reason to know that

Francetic was a peace officer engaged in the execution of official duties. The state produced evidence that after an on-duty police officer introduced himself to Defendant, Defendant threatened to fight the officer, approached him in a fighting stance, and swung a fist at his head. The officer testified that he was concerned for his safety and believed that Defendant's fist would have hit him had he not stepped back. This evidence was sufficient to allow the jury to find Defendant guilty of aggravated assault.

¶9 At sentencing, Defendant was given an opportunity to speak and the court stated on the record the evidence and materials it considered and the factors it found in imposing sentence. The court imposed a legal sentence for the offense, *see* A.R.S. §§ 13-702(D), -1204(E), and correctly calculated Defendant's presentence incarceration credit under A.R.S. § 13-712(B). The court erred, however, by ordering that Defendant "submit to DNA testing for law enforcement identification purposes and pay the applicable fee for the cost of that testing in accordance with A.R.S. § 13-610." Section 13–610 authorizes the collection of DNA samples for certain law enforcement purposes but it does not authorize the imposition of a fee for DNA testing on a convicted defendant. *State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013).

**CONCLUSION**

¶10 We vacate the portion of the judgment requiring Defendant to pay the cost of his DNA testing. We otherwise affirm.

¶11	Defense counsel's obligations pertaining to this appeal have come to an end.  See State v. Shattuck, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).    Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Defendant of the status of this appeal and Defendant's future options.  Id.  Defendant has 30 days from the date of this decision to file a petition for review in propria persona.  See Ariz. R. Crim. P. 31.19(a).  Upon the court's own motion, Defendant has 30 days from the date of this decision in which to file a motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D :  MJT